UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDY MORGAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|         v. | ) 1:20-cv-00069-JDL |
| | ) |
| OCEAN WARRIOR | ) |
| FISHERIES, LLC, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER ON PLAINTIFF'S OBJECTION TO MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED TRIAL ON CLAIM FOR MAINTINENCE AND CURE**

Plaintiff Randy Morgan brings this maritime personal injury action against defendants Ocean Warrior Fisheries, LLC; Lighthouse Lobster & Bait, LLC; and David Pottle for alleged injuries Morgan suffered aboard the commercial fishing vessel *Ocean Warrior* ("the Vessel") (ECF No. 1). On May 29, 2020, Morgan moved that three of his claims—all of which are related to his demand for maintenance and cure—be bifurcated and tried expeditiously to the bench (ECF No. 14). Magistrate Judge John H. Rich III issued a memorandum decision and order denying Morgan's motion (ECF No. 32), and Morgan subsequently filed an objection to that order (ECF No. 34). I held a hearing on the objection on March 9, 2021. For the reasons that follow, I deny Morgan's objection.

### I. BACKGROUND

Morgan's complaint alleges that on August 30, 2019 he was working aboard the Vessel loading and unloading equipment, bait, and the Vessel's catch when a

1

crane containing twenty to thirty unsecured lobster crates collapsed onto him. Morgan claims that he suffered a fractured and crushed C-2 vertebra; a torn rotator cuff in his left shoulder; nerve damage; and other neck, arm, and musculoskeletal injuries as a result. Morgan further alleges that Defendants Pottle and Ocean Warrior Fisheries (together, the "Vessel Owners") have refused to pay him maintenance and cure[1] without a legal or factual basis, obliging Morgan to retain counsel and file suit.

Morgan filed a six-count complaint on March 2, 2020. Counts One and Two allege Jones Act negligence and unseaworthiness, respectively, against the Vessel Owners. Count Three is a maritime tort claim against Defendant Lighthouse Lobster & Bait, LLC. Counts Four through Six are claims against the Vessel Owners for maintenance and cure, wrongful withholding of maintenance and cure, and punitive damages as a result of the refusal to pay maintenance and cure, respectively (together, "the maintenance and cure claims"). Morgan's complaint contains a jury trial demand for all six counts.

On May 29, 2020, Morgan filed a motion for an expedited bench trial on the maintenance and cure claims, which at that time allegedly totaled $19,383 for maintenance (plus $497 per week going forward) and $41,730.53 in medical bills and expenses, with additional bills and expenses expected to accumulate. He contends

---

[1] "The owner of a vessel has a duty to pay maintenance and cure to a seaman who is injured or falls ill while in service of the ship. . . . 'Maintenance' refers to the cost of food and lodging during the period of illness or recovery from injury, and 'cure' covers the reasonable medical expenses incurred for the seaman's treatment." *Ramirez v. Carolina Dream. Inc.*, 760 F.3d 119, 122 (1st Cir. 2014) (internal citations, quotation marks, and alterations omitted). Maintenance and cure is a "deliberately expansive" doctrine, and even negligence or culpable misconduct by the seaman will not absolve the shipowner of his duty to pay. *Id.* at 122-23.

2

that immediate payment of maintenance and cure is necessary to allow him to obtain medical treatment and reach maximum medical improvement.

The Magistrate Judge denied Morgan's motion for two reasons. First, he concluded that "the requested severance would not preserve the defendants' right to a jury trial on the maintenance and cure claims." ECF No. 32 at 1. Next, he found that severance "would not promote judicial economy." *Id.* Morgan objects to both of the Magistrate Judge's conclusions.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to a nondispositive order of a magistrate judge within fourteen days of being served with a copy of the order. "A district court reviewing a magistrate judge's order on a nondispositive matter must accept the magistrate judge's findings of fact and any inferences drawn therefrom unless they are clearly erroneous. . . . A district court reviews a magistrate judge's answers as to questions of law de novo." *Doyle v. Municipality of Scarborough*, No. 2:19-CV-00469-JDL, 2020 WL 4332998, at *1 (D. Me. July 27, 2020) (citing *Patton v. Johnson*, 915 F.3d 827, 832-33 (1st Cir. 2019)). "Mixed questions of law and fact invok[e] a sliding standard of review. . . . The more fact[-]intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law[-]intensive the question, the less deferential the level of review." *In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks and citation omitted)).

A court's decision to bifurcate pursuant to Federal Rule of Civil Procedure 42(b) is subject to a "limited standard of review." *Gonzalez-Martin v. Equitable Life Assurance Soc'y of U.S.*, 845 F.2d 1140, 1145 (1st Cir. 1988). Because "[a] Rule 42(b) motion is a matter peculiarly within the discretion of the trial court," a reviewing court will reverse a decision for failure to bifurcate only for abuse of discretion. *Id.*

**B.    The Right to a Jury Trial on Claims for Maintenance and Cure**

Federal Rule of Civil Procedure 42(b) instructs a court "ordering a separate trial" to "preserve any federal right to a jury trial." Meanwhile, Federal Rule of Civil Procedure 38(b) provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." As the First Circuit has explained, Federal Rule of Civil Procedure 38(b) allows "[a]ny party [to] preserve its right to a jury by making a timely demand for a jury trial," and once the demand is made, Federal Rules of Civil Procedure 38(d) and 39(a) require both parties to consent before that demand "can be withdrawn." *Concordia Co. v. Panek*, 115 F.3d 67, 69 (1st Cir. 1997) (emphasis omitted).

The Magistrate Judge concluded that "the [P]laintiff is entitled to a trial by jury pursuant to statute" and cited the Jones Act, 46 U.S.C.A. § 30104 (West 2021). ECF No. 32 at 6. He further determined—based on Federal Rules of Civil Procedure 38 and 39—that this right to a jury trial extended to the Defendants. Accordingly, because Morgan made a demand for a jury trial on all claims—and because the Defendants have not consented to a withdrawal of that demand—the Magistrate Judge determined that he could not order a separate trial on the maintenance and

4

cure claims, as doing so would "run afoul of the [D]efendants' right to a jury trial." *Id.* at 7.

While "[g]enerally, there is no constitutional right to jury trial for admiralty claims," *Panek*, 115 F.3d at 70 (citing *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 19 (1963)), the Jones Act allows seamen injured in the course of their employment to "bring a civil action at law, with the right of trial by jury, against the employer," 46 U.S.C.A. § 30104. A claim for Jones Act negligence, however, is a "separate and distinct cause[] of action" from a claim for maintenance and cure, *Ferrara v. A. & V. Fishing, Inc.*, 99 F.3d 449, 452 (1st Cir. 1996), which as a traditional admiralty remedy does not carry a right to a jury trial, *Fitzgerald*, 374 U.S. at 17.

In *Fitzgerald*, the United States Supreme Court held that "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." 374 U.S. at 21. However, the Court also noted that "the Seventh Amendment does not require jury trials in admiralty cases." *Id.* at 20. Moreover, the Jones Act itself does not create a right to a jury trial in traditional admiralty claims such as claims for maintenance and cure. *See* 46 U.S.C.A. § 30104; *Ferrara*, 99 F.3d at 452 (explaining that maintenance and cure is a distinct maritime claim separate from a claim for Jones Act negligence). The Court's holding in *Fitzgerald* was driven by its "responsibility for fashioning the controlling rules of admiralty law," and by its recognition that trying related claims to separate fact-finders is "so cumbersome, confusing, and time consuming that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts." 374 U.S. at 20-21.

While in *Fitzgerald* the Supreme Court ruled that "plaintiffs who assert both a Jones Act claim . . . and closely related admiralty claims for . . . maintenance and cure are entitled to a jury trial on *both* kinds of claims," *Panek*, 115 F.3d at 70, it did not conclude that there is a statutory or constitutional right to a jury trial in maintenance and cure cases. Rather, it drew its holding from its inherent responsibility to create the rules of admiralty law, and from its concern for judicial economy and reducing confusion for litigants. Meanwhile, Federal Rule of Civil Procedure 38—which is titled "Right to a Jury Trial; Demand"—specifically preserves the right to a jury trial to all parties "as declared by the Seventh Amendment to the Constitution" or "as provided by a federal statute." Fed. R. Civ. P. 38(a). Because there is no constitutional or statutory right to a jury trial on a claim for maintenance and cure, I conclude that Morgan's initial demand for a jury trial on the maintenance and cure claims does not entitle the Defendants to a jury trial on those claims. While *Fitzgerald* entitles Morgan to have his maintenance and cure claims heard by a jury alongside his Jones Act claims, neither federal statute nor the Constitution extend that right to the Defendants.

Accordingly, because the Defendants do not have a statutory or constitutional right to have this case tried to a jury, their consent is not required for Morgan to withdraw his jury trial demand. *See FN Herstal SA v. Clye Armory Inc.*, 838 F.3d 1071, 1089 (11th Cir. 2016) ("Where no right to a jury trial exists and where no prejudice will result, a party may unilaterally withdraw its consent to a jury trial."); *Kramer v. Banc of America Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004); *United States v. Keller*, 142 F.3d 718, 722 (4th Cir. 1998).

## C. The Application of the Fed. R. Civ. P. 42(b) Factors

The Magistrate Judge further determined that "even assuming . . . that ordering a separate trial would not run afoul of the [D]efendants' right to a jury trial, bifurcating the maintenance and cure claims would not serve the ends of convenience, avoidance of prejudice, expedition, or economy." ECF No. 32 at 7.

Federal Rule of Civil Procedure 42(b) states that a court "*may* order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b) (emphasis added). Morgan contends that the Magistrate Judge's decision not to bifurcate erroneously applied the law because "just *one* [Rule 42(b)] factor need promote bifurcation." ECF No. 34 at 6. However, he has not cited to any caselaw for this proposition, nor does he acknowledge the caselaw giving courts broad discretion in the decision of whether or not to bifurcate. *See Gonzalez-Martin*, 845 F.2d at 1145 (noting that bifurcation "is a matter peculiarly within the discretion of the trial court"). Moreover, the Magistrate Judge addressed each of these factors in his memorandum decision.

Morgan contends that bifurcating his claims and holding an expedited bench trial on the maintenance and cure claims would reduce prejudice to him because he "no longer has the funds to pay his ongoing living expenses and the over $40,000 of medical expenses incurred to date." ECF No. 20 at 4. However, the Magistrate Judge, noted the fact that Morgan had received nearly $90,000 from the Vessel Owners since the accident, which is more than the sum he had claimed for maintenance and cure

7

at that point.[2]  The Magistrate Judge found that these payments "substantially undercut[]" Morgan's claim that bifurcation would allow him to avoid prejudice, because Morgan has already "received substantially more than he argues should have been paid in maintenance and cure."  ECF No. 32 at 8.

Additionally, the Magistrate Judge found that Morgan did not "carry his burden to demonstrate that separate trials would serve the ends of judicial economy or efficiency" because "all of [Morgan's] claims will require resolution of what transpired on August 30, 2019."  *Id.*  He noted that bifurcating the maintenance and cure claims would "require duplicative fact and possibly expert testimony."  *Id.*

Morgan disputes the Magistrate Judge's conclusion that bifurcation is not needed to avoid prejudice.  He raises the factual argument that the sum paid to him by the Vessel Owners was compensation for unpaid wages as opposed to payment of maintenance and cure.  However, he raises no dispute with the Magistrate Judge's determination that this sum—regardless of how it is characterized—was larger than the amount he claimed to be owed for maintenance and cure.  This factual determination was not clearly erroneous, and the Magistrate Judge did not abuse his discretion in concluding that Morgan will not be prejudiced by trying his claims together.

Morgan also contends that the Magistrate Judge erred in reaching the conclusion that bifurcation is inefficient.  Morgan notes that, unlike the maintenance

---

[2] At the hearing on his objection to the magistrate judge's decision, counsel for Morgan noted that the Vessel Owners have since paid an additional $5,000 to Morgan.  He further noted that the amount Morgan claims to be owed in maintenance and cure is now roughly equal to the amount that he has already been paid by the Vessel Owners.  This does not impact my assessment of the Magistrate Judge's conclusions.

and cure claims, his personal injury claims will not require a maximum medical improvement determination, and that the degree of fault required for a seaman to forgo his right to maintenance and cure is substantially higher than the comparative fault standard in a negligence claim.  However, despite these differing legal standards, the Magistrate Judge's conclusion is correct; the parties will still likely present facts and expert testimony regarding, among other things, the events of August 30, 2019, the nature of Morgan's injuries, and the necessity and reasonableness of Morgan's medical treatments.

Ultimately, the Magistrate Judge's application of the Rule 42(b) factors presented no legal or factual errors, and his decision not to bifurcate Morgan's maintenance and cure claims was well within the bounds of judicial discretion.

### III. CONCLUSION

For the above reasons, Morgan's Objection to Memorandum Decision and Order on Plaintiff's Motion for Expedited Trial on Claim for Maintenance and Cure (ECF No. 34) is **DENIED.**

**SO ORDERED.**

Dated: May 4, 2021

/s/ JON D. LEVY
**CHIEF U.S. DISTRICT JUDGE**